FILED

JORGE ERNESTO BRIZUELA

1194 S. MULLEN AVENUE

LOS ANGELES, CA 90019

213-550-8349

Plaintiff in Pro Per

2017 JAN 23  PM 1:49

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

JORGE ERNESTO BRIZUELA

        Plaintiff,

vs.

QUALITY LOAN SERVICE CORPORATION

WEDGEWOOD

HOLLYVALE RENTAL HOLDINGS,LLC

JONATHAN RIOS

AND/OR JOHN DOES 1-10

        Defendant.

CASE NO. **CV17-00534-RGK(KSx)**

**FAIR DEBT COLLECTIONS PRACTICES ACT**

**REAL ESTATE SETLEMENT PROCEDURES ACT**

**ROSENTHAL ACT**

**TRUTH IN LENDING ACT**

**SET ASIDE TRUSTEE SALE**

**BREACH OF CONTRACT**

**BREACH OF THE IMPLIED COVEANT OF GOOD FAITH AND FAIR DEALINGS**

## I.  COMPLAINT
### INTRODUCTION

1.  This is an action for damages brought by an individual consumer against

1    Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §

2    1692, et seq. (FDCPA) and the California Rosenthal Act, Civil Code § 1788 et

3    seq. ( Rosenthal Act ) both of which prohibit debt collectors from engaging in

4    abusive, deceptive, and unfair practices. Rosenthal Civil Code § 2932.5, § 2923.5

5    et seq.

6

7    2. This is an action for damages brought by an individual consumer against

8    Defendants for violations of Real Estate Settlement Procedure Act (RESPA), 12

9    U.S.C. § 2605; for damages for violations of the Truth in Lending Act (TILA) 15

10   U.S.C. § 1641 et seq.

## II. JURISDICTION AND VENUE

3.  This Court has jurisdiction under:  15 U.S.C. sec. 1692 k (d), 28 U.S.C.

sec. 1331, and 28 U.S.C. sec. 1337. Supplemental jurisdiction exist for the state

law claims pursuant to 28 U.S.C. § 1367. Venue is proper pursuant to: 28 U.S.C.

§

1391(b) where that the defendant transact business here and the conduct

complained of occurred here.

## III.   PARTIES

4.  Plaintiff(s) JORGE ERNESTO BRIZUELA a natural person resided at

California. Plaintiff(s) is a consumer within the meaning of 15 U.S.C. sec.

1692 a (3), 15 U.S.C. § 1681 a (c).

5.  Defendant: QUALITY LOAN SERVICE CORPORATION is a servicing Corporation, operating from an address: 411 IVY Street. San Diego, California 92101.

9. Defendant: WEDGEWOOD is a Debt Collector Servicing Corporation Operating from an address: 2015 MANHATTAN BEACH BLVD. REDONDO BEACH, CA  90278.

11.Defendant: HOLLYVALE RENTAL HOLDINGS, LLC a wholly owned subsidiary of WEDGEWOOD, operating from an address: 2015 MANHATTAN BEACH BLVD.  REDONDO BEACH, CA  90278.

13.Defendants are all entities or individuals who contributed to or participated in, or authorized the acts or conspired with the name Defendants to commit the acts and do the things complained of which caused the injuries and damages to Plaintiff as set forth below. Each of the parties, named and fictitious, acted as principal and agent each of the other, and combined and concurred each with the other in committing the acts that injured the Plaintiff.

14. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

15.  The purported debt which defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §

1788.2(f).

16. All conditions precedent to the bringing of this action have been performed, waived or excused.

17. Plaintiff contends that Defendants have conspired and committed fraud in order to wrongfully foreclose with total disregard for Federal and State laws.

18. Plaintiff contends that Defendants have created and caused fraudulent documents to be filed into the public records of Orange County and into the state court giving the appearance that there is a legal foreclosure going while some or all of the Defendants continue to break the law.

## FACTUAL ALLEGATIONS

19. Now come the plaintiffs Jorge Ernesto Brizuela hereby make this petition made under oath, and state that he is competent and qualified to make the statements herein and do make these statements upon personal knowledge and respectfully request an order restraining the defendant QUALITY LOAN SERVICING, LLC, WEDGEWOOD, and/or HOLLYVALE RENTAL HOLDINGS, LLC from continuing to engage in the illegal sale of the plaintiffs' property described as shown on Exhibit A attached to this petition.

22. The plaintiffs have served notice of their intent to seek an injunction and other relief against the actions undertaken by the defendants.

21.  QUALITY LOAN SERVICING, LLC  allegedly acquired

the servicing rights upon information and public record under receivership. The

Defendants QUALITY LOAN SERVICING, LLC has never informed Plaintiff

of a transfer of assignments or note of their loan from foreclosing defendants, on

or when the alleged loan was taken under default.

22.  The defendants has served a notice of trustee sale, a copy of which is attached, upon the plaintiffs on or about the date of December 26, 2016.

23.  The defendant does not have the legal right to engage or continue this sale scheduled for January 17, 2017 because they are not the real party in interest, it is not the lender and it is not the assignee of the lender.

24.  The defendant threatens to or is procuring an act in violation of the rights of the plaintiffs respecting the subject property described herein and the plaintiffs' rights.

25. The defendant is not the holder of any instrument, note, mortgage or otherwise, that would give them the authority to engage in or continue the pending sale.

26. The plaintiffs have served notice of their intent to seek an injunction and other relief against the actions undertaken by the defendants.

27.  Plaintiff is now, and at all times mentioned in this complaint has been, the owner of certain described real property addressed as: 1194 S. MULLEN AVE LOS ANGELES, CA 90019 and more fully described in and attached as Exhibit "A".

28.  Defendant or its Agents, at the time of the occurrences were doing business in the State of California, SAN DIEGO County.

29.  On or about FEBRUARY 12, 2014 and continuing to the present, defendant has wrongfully and unlawfully sought to foreclosure on above described property. Defendant has no authority to foreclose as it is not the real party in interest or the holder in due course of any note, mortgage or other instrument which purports to secure the property.  The foreclosure sale has not yet been completed, but the sale is imminent, with the sale scheduled for January 17, 2017.

30.  On or about October 2015 and at other times between that date and the present, plaintiff has demanded that defendant refrain from committing the above named acts, but defendant has refused and has threatened to continue such acts.

31.  As a result of defendant's acts, which are without authority, plaintiff has sustained or will sustain great and irreparable injury in that if defendant sells this property, which is unique and is not replaceable, plaintiff will lose the use and enjoyment of the property.

32. As a further result of defendant's acts, if these acts are permitted to continue, plaintiff will be irreparably damaged in an amount of at least $ 1,888,097.00 and an additional amount that will be alleged when additional damages have been determined.

33. Plaintiffs sue defendant QUALITY LOAN SERVICING, LLC re-allege the foregoing and seek an order setting aside or vacating the unauthorized sale of the plaintiff's property.

34. Jurisdiction and venue are proper and the plaintiffs have served notice of their intent to seek an injunction and other relief against the actions undertaken by the defendants.

35. This is an action to set aside or vacate the sale of the property described herein that does not exceed the jurisdictional limit for this court, excluding interest, costs and attorneys fees.

36. Plaintiffs have requested authenticated copies showing the existence of said promissory note but the defendant has failed to produce it.

37. Plaintiffs have requested authenticated copies of the purported note bearing plaintiffs' signature, yet the defendant has failed to provide such records.

38. Plaintiffs have requested authenticated copies of the note establishing that the

defendant is the owner or holder of such a note, yet the defendant has failed to produce any such records.

39.  The Defendant was not the owner or holder of any purported note or mortgage instrument which would have entitled the defendant to foreclose upon or sell the property described herein.

40.  Plaintiffs are entitled to have the invalid sale set aside or vacated.

41. On or about December 2016, I Plaintiff sent QWR to Quality Loan Servicing, LLC.

42. On or around November 2016, Plaintiffs began conducted research through public records and learned QUALIFIED LOAN SERVICE CORPORATION and MERS, that my mortgage loan was registered on the MERS system . The Conditions Precedent requirements under TILA  helping families  save their homes Act of 2009, in addition to other disclosures required by this title not later than 30 days after that date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner  or assignee of  the debt shall notify the borrower in writing of such transfer  including:

        a)  The identity, address, telephone number of the new creditor

b) How to reach an <u>agent</u> or <u>party having authority to</u> act on behalf of the new creditor;
c) The location of the place where transfer of ownership of debt is recorded; and
d) Any other relevant information regarding the new creditor.

43. Further inspection shows there is no actual assignment date for Quality Loans Servicing. On November, 2012 Plaintiff received dunning letters from Blacks Edition informing Plaintiff of his service provider OCWEN and its agent may be withholding valuable information to prevent pending foreclosure, collective issues, & subsequent Unlawful Detainer actions.

44. The public records Assignment of Deed of Trust revealed that plaintiff loan had been securitized through MERS, A California Reconveyance Company, but there were no assignment from MERS that they were the nominee to that trustee. Plaintiff could not find also assignments valid from trustee, out of the Trust and to whom they had assigned. Plaintiff Deed in Lieu of Foreclosure from public record read Countrywide lender, Plaintiff relied on these misrepresentations to his detriment as he paid monies to counter defendants, claims that it was the rightful owner of its mortgage.

45. Defendant Quality Loan Servicing, LLC, Wedgewood, Rental Holdings, LLc has into the public records assignments of mortgage that are false, the endorsements on the title, note are false, fraudulent and unauthorized.

46. Defendant Quality Loan Servicing, LLc sent dunning letters to plaintiff claiming that it was the rightful owner of his mortgage.

47. The false assignments of mortgage was a material misrepresentation designed to bolster the false belief in Plaintiff that defendant Quality Loan Servicing, llc and its agents, Wedgewood with further dunning letters and misrepresentations that the debt owed to counter-defendants was legitimate.

48. Plaintiff question how could a servicer have full authority over Plaintiff note mortgage w/out being assigned to them, or broken chain of title. Plaintiff relied upon these false and fraudulent misrepresentations to his detriment causing extreme marital discord between family and friends as it was learned that he had made a financially devastating error in failing to ensure that his mortgage was held by its true owner, by making payments to each co-defendant when in fact, those were wasted funds that were not going to the true owner and that the ownership of his residence was at substantial risk.

49. The Foreclosing Defendants, a servicer continued to conduct a trustee sale.

50. Plaintiffs have sent out RESPA letters to Defendants as to date no

satisfactory response have been answered.

51. Again, Plaintiff never received notice of transfer or assignment from the Defendant which is a violation both State and Federal law and a breach of agreement.

**COUNT I**
**VIOLATION OF REAL ESTATE SETTLEMENT**
**PROCEDURES ACT (RESPA), 12 U.S.C. §2605**
**BY DEFENDANTS (QLSC), MERSCORP,**
**AND AGAINST THE FORECLOSING DEFENDANTS**

52. Paragraphs 19 through 51 are re-alleged as though fully set forth herein.

53. Defendants are servicers of a federally related mortgage loan within the meaning of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §2605.

54. Plaintiff's written requests for information about his account and correction of Defendants' numerous errors were ''qualified written requests'' within the meaning of RESPA.

55. Defendants deliberately failed to respond in a proper and timely way to Plaintiff's ''qualified written requests'' for information about, and corrections to, his mortgage account, in violation of 12 U.S.C. §2605(e).

WHEREFORE, Plaintiff demands judgment against **(QLSC), MERSCORP** and Defendants for a proper accounting and application of his mortgage payments and for actual, statutory, treble and/or punitive damages, and attorney's fees and costs, along with any other and further relief as the court deems just and proper, pursuant to 12 U.S.C. §2605.

## COUNT II
## VIOLATION OF TRUTH IN LENDING ACT (TILA), 15 U.S.C. §1641
## BY DEFENDANTS & JOHN DOES 1-10,
## AND AGAINST THE FORECLOSING DEFENDANTS

56. Paragraphs 19 through 51 are realleged as though fully set forth herein.

57. A new creditor must provide notice of its status pursuant to 15 U.S.C.

§1641(g):

(1) In general
In addition to other disclosures required by this subchapter, not later than 30 days after the

date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including—

(A) the identity, address, telephone number of the new creditor;

(B) the date of transfer;

(C) how to reach an agent or party having authority to act on behalf of the new creditor;

(D) the location of the place where transfer of ownership of the debt is recorded; and

(E) any other relevant information regarding the new creditor.

WHEREFORE, Plaintiff demands judgment for damages against DEFENDANT(S)for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1640(a).

## COUNT III
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANTS & JOHN DOES 1-10, AND AGAINST THE FORECLOSING DEFENDANTS

58. Paragraphs 19 through 51 are re-alleged as though fully set forth herein.

59. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

60. Defendants are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

61. Defendants & John Does 1_10; violated the FDCPA. Defendants'

violations include, but are not limited to, the following:

(a) Defendant(s)  violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

(b) Defendant(s) violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt.

(c) Defendant(s) violated 15 U.S.C. §1692e(6) by sale or transfer of any interest in the debt will cause the consumer to lose any claim or defense to payment of the debt.

(d) Defendant(s) violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(e) Defendant(s) violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(f) Defendant(s) violated 15 U.S.C. §1692e(11) by the failure to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector.

(g) Defendant(s) violated 15 U.S.C. §1692e(14) by the use of any name other than the true name of the debt collector's business.

(h) Defendant(s)  violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(i) Defendant(s) violated 15 U.S.C. §1692f(6) taken or threatened to unlawfully repossess or disable the consumer's property.

(j) Defendant(s) violated 15 U.S.C. §1692g by, within five days after the initial communication with Plaintiff in connection with the collection of any debt, failing to send Plaintiff a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff demands judgment for damages against DEFENDANT(S)for actual or statutory damages, and punitive damages, attorney's fees and costs, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

## FOURTH CAUSE OF ACTION
## TO SET ASIDE TRUSTEE'S SALE
## AGAINST THE FORECLOSING DEFENDANTS

62. Plaintiff incorporate herein by reference the allegations made in subsequent paragraphs 19 through 51, inclusive, as though fully set forth herein.

63. The Foreclosing Defendants never had the legal authority to foreclose, i.e., the authority to exercise the power of sale as an assignee of the Note and Deed of Trust, because the Foreclosing Defendant's interest was never acknowledged and recorded in violation of Civil Code § 2932.5, resulting in the non-judicial foreclosure sale being void ab initio.

64. Moreover, the foreclosing Defendants never had the legal authority to foreclose because the instrument (Deed of Trust), which permitted foreclosure if the borrower was in default, is void as it was improperly assigned and/or transferred to the Foreclosing Defendants from the original lender. Therefore, The Deed of Trust could not provide a basis for a foreclosure, and the non-judicial foreclosure is void ab initio.

65. Accordingly, Plaintiff hereby request an order of this Court that the Trustee's Sale was irregular in that it was legally void and conducted without any

right or privilege by the foreclosing Defendants.

## FIFTH CAUSE OF ACTION
## TO VOID OR CANCEL TRUSTEE'S DEED UPON SALE
## AGAINST THE FORECLOSING DEFENDANT

59. Plaintiff incorporate herein by reference the allegations made in subsequent paragraphs 19 through 51, inclusive, as though fully set forth herein.

60. Although the trustee's deed upon sale appears valid on its face, it is invalid, and of no force and effect, for the reasons set forth above including, inter alia, the fact the Deed of Trust which purportedly secured the note, which served as the basis for a claim to have the right to conduct a non-judicial foreclosure was at all times void due to the wrongful and improper assignments to the foreclosing Defendants.

61. Plaintiff are therefore entitled to an order that the trustee's Deed Upon Sale is void ab initio and cancelling such Trustee's Deed.

## SIXTH CAUSE OF ACTION
## TO VOID OR CANCEL ASSIGNMENT OF DEED OF TRUST
## AGAINST THE FORECLOSING DEFENDANTS

62. Plaintiff incorporate herein by reference the allegations made in subsequent paragraphs 19 through 51, inclusive, as though fully set forth herein.

63. The assignment of the Deed of Trust is invalid, and of no force and effect, for the reasons set forth above including, inter alia, the fact the MERS did not have standing or the legal authority to assign the Deed of Trust which purportedly secured the Note, and which served as the basis for a claim to have the right to conduct a non-judicial foreclosure. Thus, the assignment of the Deed of Trust was at all times void.

64. Plaintiff are therefore entitled to an order that the Assignment of the Deed of Trust is void ab initio and canceling such Assignment.

**SEVENTH CAUSE OF ACTION**
**WRONGFUL FORECLOSURE**
**AGAINST THE FORECLOSING DEFENDANTS**

65. Plaintiffs incorporate herein by reference the allegations made in subsequent paragraphs  19 through 51, inclusive, as though fully set forth herein.

66. Plaintiffs are informed and believe and thereon allege that after the origination and funding of their loan, it was sold to investors as a "mortgage backed security" and that none of the foreclosing Defendants in this action owned this loan, or the corresponding note. Moreover, none of the Foreclosing Defendants in this action were lawfully appointed as trustee or had the original note. Moreover, none of the Foreclosing Defendants in this action were lawfully appointed as trustee or

PLAINTIFFS JORGE ERNESTO BRIZUELA COMPLAINT                    17

had the original note assigned to them. Accordingly, none of the Foreclosing

Defendants in this action had the right to declare default, cause notices of default to

be issued or recorded, or foreclose on Plaintiff interest in the subject Property. The

Foreclosing Defendants were not the note holder or a beneficiary at any time with

regard to Plaintiffs loan.

67. Plaintiff further alleges on information and belief that none of the

foreclosing Defendants in this action are beneficiaries or representatives of the

beneficiary and, if the Foreclosing Defendants allege otherwise, they do not have the

original note to prove that they are in fact the party authorized to conduct the

foreclosure.

68. Plaintiff further allege on information and belief that the loan was sold or

transferred without notifying the Plaintiff in writing. Therefore, the loan is void of

legal rights to enforce it.

69. Additionally, The Foreclosing Defendants violated California Civil Code

2923.5 (a), which requires a mortgagee, beneficiary or authorized agent" to "

contact the borrower or person by telephone in order to assess the borrower's

financial situation and explore options for the borrower to avoid foreclosure. "

Section 2923.5 (b) requires a default notice to include a declaration " form the

mortgagee, beneficiary, or authorized agent" of compliance with section 2923.5,

Including attempt "with due diligence to contact the borrower as required by this section."

70. None of the foreclosing Defendants contacted Plaintiff to discuss his financial situation. Moreover, none of the Foreclosing Defendants explored options with Plaintiff to avoid foreclosure. Additionally, none of the Foreclosing Defendants informed Plaintiff of the right to have a meeting within 14 days of said contact. Accordingly, the Foreclosing Defendants did not fulfill their legal obligation to Plaintiff.

71. Thus, the Foreclosing Defendants engaged in a fraudulent foreclosure of the Subject Property in that the foreclosing Defendants did not have the legal authority to foreclose on the subject property and, alternatively, if they had the legal authority, they failed to comply with Civil Code Section 2923.5 and 2923.6.

72. Thus, the Foreclosing Defendants failure to properly accelerate their own loan is an essential pre-requiste to foreclosure. Under the TILA statutory provision penalty. A creditor can be liable to the consumer in an amount equal to twice the amount of the finance charge imposed, but not less than $100.00 not more than $1,000.00 15 U.S.C. § 1640 (2)(a)

73. As a result of the above alleged wrongs, Plaintiff has suffered general

and special damages in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION FOR
## BREACH OF CONTRACT
## AGAINST THE FORECLOSING DEFENDANTS

74.  Plaintiff  incorporate herein by reference the allegations made in subsequent paragraphs  19 through 51, inclusive, as though fully set forth herein.

75. Plaintiff  original loan agreement set forth dates by which monthly principal and interest payments were due, and when late fees and other charges could be assessed.

76. Alternatively, if the original note and Deed of Trust were properly assigned to Defendants, Defendants breached the note and Deed of Trust that Plaintiffs signed in April 2007. The terms of the note required payments made by plaintiff to be applied properly to the note.

77. The Foreclosing Defendants breached the note and Deed of Trust by failing to apply the payments made by Plaintiff  May 2009 on or around though March 2010 to Plaintiff  loan the result of which led to the foreclosing Defendants eventually foreclosing on the subject Property.

78. As a proximate result of Defendants' breaches, Plaintiff  has suffered

compensatory damages in an amount to be proven at trial.

## NINTH CAUSE OF ACTION FOR
## CANCELLATION OF A VOIDABLE CONTRACT UNDER
## REV. & TAX CODE §§ 23304.1, 23305A AND
## VIOLATION OF CAL. CORP. CODE §§ 191 (C) (7)
## AGAINST THE FORECLOSING DEFENDANTS
## MERS, (QLSC), MERSCORP

79.  Plaintiffs incorporate herein by reference the allegations made in

subsequent paragraphs  19 through 51, inclusive, as though fully set forth herein.

80.  MERS operates as a record-keeping database company in which MERS

contracts with lenders to track security instruments in return for an annual fee.

81. Based upon information and belief, MERS was at all times herein

operating in the State of California without registering as a foreign corporation to

avoid paying taxes to the state.

82. As a result of MERS failure to comply with the California franchise tax

laws, the Deed of Trust alleged herein is voidable by Plaintiff pursuant to Rev &

Tax Code §§ 23304.1, 23304.1(b), and 23305a.

83. Moreover, MERS is not in the business of creating evidences, and it is

not a foreign lending institution. It does not origination loans, never had any true

interest in the subject loan or DEED of TRUST, and thereby does not meet any

legal exceptions to the registration requirements for foreign corporations.

84. At all relevant times herein, MERS was not registered in California and could not prepare or execute the Assignment of Deed of Trust. MERS had no legal authority to take such action. Deed of Trust are contractual in nature. A contract made by a corporation doing business in California while that corporation has failed to perform its franchise tax obligations is voidable at the option of any party to the contract, other than the (delinquent) taxpayer. Thus,  MERS did not have the legal capacity to enter into a contract with Plaintiff  or anyone else, and Plaintiff  has the option of voiding the contract. Therefore, any action that MERS took with regard to assigning the within Deed of Trust and substituting the trustee would be ultra vires and void.

85. Plaintiff  hereby expressly request an adjudication to the effect that the assignment of the Deed of Trust and substitution of trustee by MERS are void.

Date: _1/23/2017_

Sign: _J. Ernesto Brizuela_

Print: _Jorge Ernesto Brizuela_

1

## DEMAND FOR JURY TRIAL

2

3
        Plaintiff hereby demands a trial by jury of all issues so triable as a matter of
law.

4

5
Respectfully submitted,

6

7
JORGE ERNESTO BRIZUELA

8

9
///

10
DATED:  JANUARY  _23_, 2017

11

12

13
                    By

14
                         JORGE ERNESTO BRIZUELA.

15
                         Plaintiff Pro Per

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☒ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| *Jorge Ernesto Brizuela* | *Quality Loan Servicing, LLC et al* |

| (b) County of Residence of First Listed Plaintiff *Los Angeles* | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |

| (c) Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information. | Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information. |
|---|---|
| *Jorge Ernesto Brizuela  #213550*<br>*8-349*<br>*1194 S. Mullen Street*<br>*Los Angeles CA 90019* | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** *1,900,000.00*

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

*RESPA, TILA FDCPA*

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☒ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 480 Consumer Credit | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 891 Agricultural Acts | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 895 Freedom of Info. Act | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

| FOR OFFICE USE ONLY: | Case Number: *CV17-00534* |
|---|---|

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes ☒ No | ☒ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | B.1. Do 50% or more of the defendants who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes ☒ No | | ☐ NO. Continue to Question B.2. |
| | B.2. Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | | ☐ NO. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | C.1. Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes ☒ No | | ☐ NO. Continue to Question C.2. |
| | C.2. Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| D.1. Is there at least one answer in Column A? | D.2. Is there at least one answer in Column B? |
|---|---|
| ☐ Yes ☒ No | ☐ Yes ☒ No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question E, below, and continue from there. If "no," go to question D2 to the right. ➡ | If "yes," your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question E, below. If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below. ↓ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | *WESTERN* |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes ☒ No |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court?**          ☒ NO          ☐ YES

    If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court?**

                                                                                  ☒ NO          ☒ YES

    If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

    ☐ A. Arise from the same or a closely related transaction, happening, or event;

    ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

    ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

    ☐ A. Arise from the same or a closely related transaction, happening, or event;

    ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

    ☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _Jorge Ernesto Brizuela_   DATE: _1/23/2017_

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |