JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | **CV 17-00534 RGK (KS)** | Date | March 27, 2017 |
|---|---|---|---|
| Title | *Jorge Ernesto Brizuela v. Quality Loan Service Corp., et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant's Motion to Dismiss (DE 11)

## I.  INTRODUCTION

On February 1, 2017, Jorge Ernesto Brizuela ("Brizuela") filed a First Amended Complaint ("FAC") against Wedgewood, Hollyvale Rental Holdings, LLC ("Hollyvale"), Jonathon Rios ("Rios"), Mid-Cal Realty Services Inc. ("Mid-Cal") (inclusively "Moving Parties"), and Quality Service Corporation ("Quality") (collectively "Defendants"). The FAC alleges (1) Violation of the Real Estate Settlement Procedures Act ("RESPA") (12 U.S.C. § 2601), (2) Violation of the Truth in Lending Act ("TILA") (15 U.S.C. § 1601), (3) Violation of the Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. § 1692), (4) a Claim in Equity to Set Aside the Foreclosure, (5) Cancellation of the Trustee's Deed Upon Sale ("TDUS"), (6) Cancellation of the Assignment of the Deed of Trust ("DOT"), (7) Wrongful Foreclosure, (8) Breach of Contract, and (9) Cancellation of the DOT as Voidable.

On February 17, 2017, Moving Parties Wedgewood, Hollyvale, Rios, and Mid-Cal filed the current Motion to Dismiss. For the following reasons, the Court **GRANTS** the motion.

## II.  FACTUAL BACKGROUND

Brizuela owned property located at 1194 S. Mullen Ave. Los Angeles, CA 90019 (the "Property"). (Compl. ¶ 23, ECF No. 1.) The FAC suggests that Brizuela defaulted on the Property's mortgage payments. (*See generally,* Compl.) In November 2016, Brizuela found that his mortgage had been registered on Mortgage Electronic Registration Systems, Inc. ("MERS"). In December 2016, Brizuela sent a Qualified Written Request ("QWR") to Quality Service Corporation, a loan servicer managing Brizuela's property loan. (Compl. ¶ 37.) Brizuela alleges he never received a response from Quality. (Compl. ¶ 51.)

On January 17, 2017, Mid-Cal Realty Services, Inc. purchased the Property at a trustee's sale for the price of $850,000. (Defs.' Mot. to Dismiss 4:1-3, ECF No. 11.) On January 25, 2017, Mid-Cal conveyed its interest in the Property to Hollyvale Rental Holdings, LLC by way of quitclaim deed. (Defs.' Mot to Dismiss 3:14.) Hollyvale now holds sole title to the Property. On January 23, 2017, Brizuela filed a Complaint to set aside or vacate the foreclosure sale of the Property. On February 1, 2017, Brizuela filed the FAC that is the subject of the Current Motion to Dismiss.

## III.     JUDICIAL STANDARD

A party may move to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). In deciding a 12(b)(6) motion, the court must assume allegations in the challenged complaint are true and construe the complain in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1996). The complaint need not contain detailed factual allegations, but must provide more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

The court may not dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Russell v. Landrieu,* 621 F.2d 1037, 1039 (9th Cir. 1980). However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. *W. Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981). Dismissal is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mendiondo v. Centinela Hosp. Med. Ctr.,* 521 F.3d 1097, 1104 (9th Cir. 2008).

## IV.     DISCUSSION

Moving Parties argue that the Court should dismiss Brizuela's FAC because Brizuela (1) has not alleged tender, as required by the tender rule, and (2) fails to plead sufficient facts to support his allegations[1]. The Court agrees.

### A.     Failure to Allege a Valid and Viable Tender

"A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen v. American Sav & Loan Assn.,* 15 Cal. App.3d 112, 117 (Cal. Ct. App. 1971). A plaintiff must demonstrate both a willingness to pay, and an ability to pay. *In re Worcester,* 811 F.2d 1124, 1231 (9th Cir. 1987). "The rationale behind this rule is that if [the borrower] could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the [borrower]." *Shuster v. BAC Home Loans Servicing, LP,* 211 Cal. App. 4th 505, 512 (2012). Courts recognize four exceptions to the tender rule: (1) if the borrower's action attacks the validity of the underlying debt, (2) if the borrower has a counterclaim or setoff against the beneficiary that is equal to or greater than the amount due, (3) if it would be inequitable to impose such a condition on the party challenging the sale, and (4) if the trustee's deed is void on its face. *Lona v. Citibank, N.A.,* 202 Cal. App. 4th 89, 112-13 (2011).

All of Brizuela's claims hinge on his assertion that the foreclosure sale was invalid because Defendants had no legal right to initiate a foreclosure sale on the Property. (*See generally* Compl.) Brizuela, however, does not allege a valid and viable offer of tender. Because such an offer is a

---

[1] The Court notes Brizuela's untimely opposition in violation of Local Rule 7-9. However, in light of the fact that Brizuela is a *pro se* litigant, the Court chooses to exercise its discretion to decide the motion on the merits.

condition precedent to challenging a foreclosure procedure and the present foreclosure already took place, Brizuela has failed to sufficiently state his foreclosure-related claims. In addition, from the facts alleged in the FAC, it does not appear that any exceptions apply or that Brizuela can cure this defect. Although Brizuela argues that the trustee's deed is void, the Court finds this argument to be unpersuasive for reasons discussed below in Section B.4. As a result, the Court **grants** Defendants' Motion to Dismiss with regard to Brizuela's claims to set aside the foreclosure sale (Claim 4), and for wrongful foreclosure (Claim 7).

### B. Failure to Allege Sufficient Facts to State a Claim

All claims must contain a "short and plain statement" of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The complaint must include factual allegations that constitute a plausible—a heightened standard from possible, but shy of probable—claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The bulk of Brizuela's claims rest on his belief that Defendants had no authority to conduct the foreclosure sale on the Property. (*See generally* Compl.) The Court finds that Plaintiff does not allege sufficient facts to support this assertion, and addresses each claim in turn.

#### 1. *Real Estate Settlement Procedures Act (12 U.S.C. § 2601*

RESPA requires that loan servicers comply with certain disclosures and notice requirements upon making or transferring mortgage loans. 12 U.S.C. § 2605(a)-(e). A loan servicer must provide a written response to a borrower within twenty days of receiving a QWR. 12 U.S.C. § 2605(e)(1)(a). Therefore, § 2605 applies only to loan servicers, as defined by the statute. Furthermore, § 2605 relates only to the "*servicing* of a loan, [and] not to its ownership or validity." *Tamburri v. Suntrust Mortg., Inc.,* 875 F.Supp.2d 1009, 1014 (N.D. Cal. 2012). Hence, a plaintiff alleging a RESPA claim, must indicate that they have suffered "actual, cognizable damages *resulting from Defendants' failure to respond to QWRs." Id.*

Here, Brizuela alleges that Quality was a loan servicer (Compl. ¶ 5). Brizuela further alleges that in December 2016, he sent Quality a QWR, and that Quality never responded in violation of RESPA. (Compl. ¶¶ 37,51.) Nevertheless, Brizuela admits that the QWR was only sent to "receive information about his account," and fails to allege that failure to receive such information caused the pecuniary harm required by the statute. (Compl. ¶ 50.) Moreover, Brizuela sent the QWR only after learning that his mortgage had been registered on MERS suggesting that Brizuela had already defaulted on his loan. Therefore, it is reasonable to infer that any alleged damages were incurred as a result of his default, and not because of an alleged RESPA violation. *See Tamburri v. Suntrust Mortg., Inc.,* at 1015. Because Brizuela's damages do not arise out of Quality's failure to respond to his QWR, the Court **grants** Defendants' Motion to Dismiss with regard to Brizuela's RESPA claim (Claim 1).

#### 2. *Truth in Lending Act (15 U.S.C. § 1601)*

TILA provides that no later "than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer..." 15 U.S.C. § 1641(g). A TILA claim may be alleged only against "creditors." *Che v. Aurora Loan Services, LLC,* 847 F.Supp.2d 1205, 1208 (C.D. Cal. 2012). "For a loan servicer to be subject to liability for a violation of the TILA, the loan servicer must also own the subject loan." *Id.* at 1209.

Here, Brizuela fails to allege that any of the Moving Parties are creditors, or that they own the loan in question. Indeed, from the facts alleged, the Court cannot conclude that Defendants had any

interest in the mortgage loan. Hence, the Court **grants** Defendant's Motion to Dismiss with regard to Brizuela's TILA claim (Claim 2).

       3.     *Fair Debt Collection Practices Act (15 U.S.C. § 1692)*

Foreclosure pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA. *Hulse v. Ocwen Fed. Bank, FSB,* 195 F.Supp.2d 1188, 1204 (D. Or. 2002); *See Izenberg v. ETS Servs., LLC.,* 589 F.Supp.2d 1193, 1199 (C.D. Cal. 2008). This is because foreclosure by the trustee is not enforcement of an obligation or an attempt to collect funds from the debtor but rather the lender foreclosing its interest in the property. *Hulse,* 195 F.Supp.2d at 1204.

Because foreclosure proceedings are excluded from the definition of debt collection, none of the Defendants in this action are debt collectors. Indeed, Brizuela never alleges that any of the Defendants are debt collectors. Therefore, the Court **grants** Defendants' Motion to Dismiss with regard to Brizuela's FDCPA claim (Claim 3).

       4.     *Cancellation of Instruments*

A written instrument with the potential to cause serious injury to a person against whom it is void or voidable, may be canceled upon its application. Cal. Civ. Code § 3412. *See Cerecedes v. US Bankcorp,* No CV-11-219. 2011 WL 2711071, at *5 (C.D. Cal. July 11, 2011).

Brizuela vaguely alleges that the assignment of the Deed of Trust should be cancelled as void because MERS lacked the legal authority to make such assignment. (Compl. ¶¶ 63,66.) As a result, the trustee sale is also void. Brizuela, however, sets forth no facts in support of this allegation, but simply states that the DOT was "void due to the wrongful and improper assignments to the foreclosing Defendants," and that "MERS did not have . . . the legal authority to assign the DOT." (Compl. ¶¶ 63,66.) These allegations lack a cognizable legal theory, and sufficient facts to support a cognizable legal theory, and are therefore subject to dismissal. Moreover, Moving Parties note that MERS registered with California's Secretary of State, and is therefore entitled to have its transactions "given full effect." *Perlas v. Morgage Electronic Registration Systems, Inc.* 2010 WL 3079262, at *7 (N.D. Cal. Aug. 6, 2010). The Court agrees. MERS' conduct falls within the scope of California law. Consequently, the assignment of the DOT, the DOT, and the resulting trustee sale are valid. Therefore, the Court **grants** Defendants' Motion to Dismiss in regard to Brizuela's cancellation of instruments claims (Claim 5, 6, and 9).

       5.     *Breach of Contract*

To prevail on a claim for breach of contract, a plaintiff must plead and prove (1) a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff. *Walsh v. W. Valley Mission Cmty. Coll. Dist.,* 66 Cal. App. 4th 1532, 1545 (9th Cir. 1998).

Here, Brizuela alleges the contract is the DOT, but fails to attach a copy of the contract to the Complaint or specifically plead its terms. (Compl. ¶¶ 79-81.) Moreover, Brizuela does not allege that Moving Parties are a party to the contract. (*Id.*) Hence, the Court **grants** Moving Parties' Motion to Dismiss in regards to Brizuela's breach of contract claim (Claim 8).

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Moving Parties' Motion to Dismiss. Furthermore, the Court finds that the claims asserted against Quality fail for the same reasons. Therefore, the Court *sua sponte* **dismisses** Brizuela's claims against Quality as well.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer           _____